PUMPHREY ET UX. *v.* GRAPES

[No. 149, September Term, 1957.]

*Decided February 28, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*C. Maurice Weidemeyer,* with whom was *T. Hunt May-field* on the brief, for appellants.

*George D. Solter,* with whom were *Due, Nickerson, White-ford & Taylor* and *John L. Clark* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The sole question involved in this appeal is the correctness of the ruling of the trial court in declining to strike out an enrolled judgment.

An action filed in the Circuit Court for Anne Arundel County, for personal injuries sustained by a tenant of a small house on the Pumphrey farm, was removed for trial to Howard County. The plaintiff, Grapes, obtained a verdict against both of the landlords, appellants. A partial new trial was ordered as to Mrs. Pumphrey, on the single issue as to whether Mr. Pumphrey, in renting the house, was the agent of his wife. The property was held as tenants by the entireties. Mrs. Pumphrey had been in bad health and there was some question of her mental competency, although she had never been adjudicated an incompetent. On the new trial, the plaintiff moved for a directed verdict, relying upon the testimony of the plaintiff and upon certain admissions made by Mrs. Pumphrey in her deposition, but the motion was overruled and the jury found in her favor on the issue of agency on April 8, 1957. On April 10, 1957, the plaintiff filed a motion for judgment *n. o. v.*

On April 11, 1957, counsel for the appellants wrote Judge Macgill stating that counsel had agreed to submit the matter without oral argument. On the same day counsel for the appellee wrote Judge Macgill confirming the agreement to submit, and stating that he thought it unnecessary to repeat the arguments that had been fully developed in the previous hearings and in briefs filed on the motion for new trial, and on a motion for summary judgment. On April 20, 1957, the trial court filed a brief memorandum of his views and signed an order directing that the clerk make a docket entry that the motion was granted and that judgment be entered accordingly against both defendants. On the same day the deputy clerk made the entries as directed. He testified that two type-written copies of the memorandum and order were delivered to him by the Judge's secretary, along with the original order. These were intended to be furnished to local counsel for the parties, Mr. Mayfield and Mr. Clark, and he noted the names of each on the copies. Mr. Mayfield was out of town and did not return until April 25. In some way Mr. Clark obtained his copy, but Mr. Mayfield did not. In his testimony at the hearing on the motion to strike, Mr. Mayfield admitted that he made no inquiry concerning the disposition of the motion *n. o. v.,* either of the court or the clerk, between April 10 and May 23. He testified that he had a conversation with the clerk about costs in the case prior to May 20, 1957, but did not learn that the order had been filed until May 23, 1957. A motion to strike and reenter the judgment was filed a few days later.

It is clear, of course, that the time for appeal expired, and the judgments became enrolled, after the lapse of thirty days. Rule 812 a of the Maryland Rules; 2 *Poe, Pleading and Practice* (Tiffany's Ed.), § 390; *Vierling v. Holt,* 197 Md. 522, 524. The revisory power of the court in such cases is limited to cases of fraud, mistake or irregularity. Rule 625, Maryland Rules. This rule, of course, merely restates in substance the rule at common law, and under the General Rules of Practice and Procedure, Part Two, VI, Rule 1. There is no charge of fraud, and we think the appellants have not made out such a case of mistake or irregularity as to en-

title them to relief. In *Baltimore Luggage Co. v. Ligon,* 208 Md. 406, 421, we said: "It is settled that a party to litigation, over whom the court has obtained jurisdiction, is charged with the duty of keeping aware of what actually occurs in the case and is affected with notice of all subsequent proceedings and that his actual knowledge is immaterial." Quoting from 3 *Merrill on Notice,* § 1119, it was said: " * * * the clerk is under no duty to keep either party informed of proceedings or rules of court. * * * A plaintiff is entitled to no special notification of the action of the court in dismissing the case on the merits * * * . Where a decision has been taken under advisement, judgment may be entered without notice. The same rule applies to the entry of final judgment after the disposition of motion for a new trial. * * * Upon the principle we have been discussing depends the rule that the time for taking an appeal runs from the date a judgment is rendered and not from the moment when the defeated party became aware of it." The case of *Bond v. Citizens National Bank,* 65 Md. 498, 501, is directly in point. It was there held that a motion to strike a judgment, on the ground of surprise, mistake, and lack of knowledge, was properly denied. Alvey, C. J., speaking for the Court, said: "This, as a ground for striking out the judgment, is wholly untenable. The defendants' attorney could have easily learned of the entry of the judgment by examination of the record, or by inquiry of the clerk. It does not appear that he did either; * * * ."

In the absence of a general or local rule of court, it is almost universally held that there is no requirement that notice be given. 1 *Freeman, Judgments* (5th ed.), sec. 60; 30 *Am. Jur., Judgments,* § 72. The obligation to follow and consult the docket rests upon counsel, who are charged with notice. Cf. *B. J. Linthicum's Sons v. Stack,* 213 Md. 344, 347. It is not shown that there is any applicable local rule in effect in Howard County. The most that can be claimed is that under the local practice it is customary to supply copies of opinions and orders to counsel. The deputy clerk testified that he usually did this by "Handing it to them in person. Rarely, I go out and deliver them * * * ." There

was no practice of mailing copies or giving formal notice. Usually the copies were handed to counsel when they called at the clerk's office. "I just don't understand why Mr. Clark got his copy and Mr. Mayfield claims he didn't get his." We think there was no obligation upon the clerk to serve the copy, and the failure of counsel to learn of the court's action and the entry of the judgment is not chargeable to him under the circumstances. The court's order denying the motion to strike the judgment must be affirmed.

*Order affirmed, with costs.*