## PACIFIC MORTGAGE & INVESTMENT GROUP, LTD. *v.* ROSE F. WIENECKE

[No. 194, September Term, 1981.]

*Decided November 5, 1981.*

The cause was argued before THOMPSON, MOORE and LISS, JJ.

*Jay Fred Cohen* for appellant.

*John O. Hennegan* for appellee.

THOMPSON, J., delivered the opinion of the Court.

Pacific Mortgage & Investment Group, Ltd., appellant, appeals from an order by Judge James H. Langrall of the Circuit Court for Baltimore County, setting aside a confessed judgment. On May 17, 1978, Rose S. Wienecke, appellee, executed a confessed judgment note promising to pay Pacific Mortgage and Investment Group, Ltd., appellant, the sum of $3,500 ninety days after its execution. On February 1, 1980, appellant filed a nar and the note in the Circuit Court for Baltimore County and a confessed judgment was entered. Although a paper writing accompanied the nar and the note, there was no affidavit as required by Md. Rule 645 a. On February 5, 1980, the sheriff served a summons on Wienecke and made his return. On March 17, 1980, a writ of *fieri facias* was levied on specified goods and chattels belonging to Wienecke. It was not until April 14, 1980, 69 days after service of summons, that Wienecke filed a motion, accompanied by a supporting affidavit, to set aside the judgment. On October 6, 1980, Judge James H. Langrall granted the appellee's motion to set aside judgment on the grounds of the mistake committed by the court clerk in entering a confessed judgment without requiring an affidavit to be filed.

The entry of a judgment by confession is controlled by Md. Rule 645 which provides, in part:

"a. Entry — Affidavit.

Judgment by confession may be entered by the clerk upon the filing by the plaintiff of a declaration accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on his behalf stating the amount due thereunder, and indicating the post office address (including street address if neeeded to effect mail delivery) of the defendant."

Md. Rule 5 c [1] states the requirements of an affidavit or oath can be satisfied in one of two ways: (1) by oath before a duly authorized officer, i.e., a notary, or (2) by signing the necessary document and incorporating the following words: "I do solemnly declare and affirm under the penalties of perjury that the contents of the aforegoing document are true and correct." In the present case, the appellant submitted a document which did not comport with either of these provisions. The paper writing contained neither a signature nor seal of a notary public and, while averring the information to be true, at no point did appellant "affirm under the penalty of perjury" the veracity of his statements. Thus no affidavit, as required by Md. Rule 645 a, was filed.

The appellant contends that as the appellee failed to raise the issue of the invalidity of appellant's judgment within the 30 day period before judgment became enrolled, she is precluded from subsequently attacking the judgment. Subsequent to the 30 day period, the trial judge's control of the judgment is no longer a matter of discretion but subject to a showing of "fraud, mistake, irregularity, or failure of an employee of the court or clerk's office to perform the duty required by statute or rule." [2] Md. Cts. & Jud. Proc. Code Ann. § 6-408 (1974, 1980 Repl. Vol.). Under Md. Rule 645 a, the court clerk has authority to enter a judgment by confession when "accompanied by the written instrument . . . and supported by an affidavit . . . ." Inasmuch as no affidavit was submitted, the clerk failed in his duty to require

---

1. " 'Affidavit' means an oath that the matters and facts set forth in the paper writing to which it pertains are true to the best of the affiant's knowledge, information and belief. An 'oath' means a declaration or affirmation made under penalties of perjury, that a certain statement of fact is true. An oath may be made before an officer or other person authorized to administer an oath, or may instead be made by signing the paper containing the statement required to be under oath and including therein the following representation: 'I do solemnly declare and affirm under the penalties of perjury that the contents of the foregoing document are true and correct.' Whenever under these Rules a pleading or other paper is required to be 'verified,' this means that an affidavit must be made thereto."

2. *See,* Bernstein v. Kapneck, 46 Md. App. 231, 238-40, 417 A.2d 456 (1980), *aff'd. on other grounds,* 290 Md. 452, 430 A.2d 602 (1981) for a discussion of term "mistake."

an affidavit be filed before entry of a confessed judgment and was without authority to enter the judgment. Such error is encompassed within § 6-408.[3]

We hold that the trial court did not err in setting aside the judgment.

*Order affirmed.*
*Appellant to pay the costs.*

---

**3.** § 6-408 superseded Md. Rule 625 a. The Court of Appeals stated in Maryland Lumber v. Savoy Construction Company, 286 Md. 98, 102, 405 A.2d 741 (1979):

> "It does, however, establish that a trial court may now revise an enrolled judgment, not only if facts and circumstances are shown to establish that the entry of the enrolled judgment resulted from fraud, mistake, or irregularity, ... but, also if it resulted from a failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule. Of course, once fraud, mistake, or irregularity, including an employee's failure to perform such a duty has been established, the party moving to set aside an enrolled judgment must still additionally show that it is acting in good faith, with ordinary diligence, and that it has a meritorious defense or cause of action." (citations omitted).

The affidavit submitted by appellee in the instant case alleged that appellee was acting in good faith, with ordinary diligence, and had a meritorious defense.