484 A.2d 1039

**ALBAN TRACTOR CO., INC.**

**v.**

**Harold C. WILLIFORD, et al.**

**No. 369, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Dec. 11, 1984.

Certiorari Denied April 22, 1985.

Richard B. Schreibstein, Baltimore (Ottenheimer, Cahn & Patz, P.A., Baltimore, on the brief), for appellant.

Marvin H. Anderson, Annapolis (Cornelius F. Sybert, Jr., Ellicott City, on the brief), for appellees.

Argued before MOYLAN, BISHOP and GETTY, JJ.

GETTY, Judge.

The primary issue presented in this appeal is whether the trial court had the authority to strike an enrolled decree. A secondary issue relates to whether the party seeking to have the decree set aside acted with due diligence, in good faith, and had a meritorious defense to the claim.

A recitation of the history of the controversy is essential to our review of the issues. On August 26, 1980, the Circuit Court for Anne Arundel County entered summary judgment for Alban Tractor Company, appellant herein, against Harold C. Williford, one of the appellees, in the amount of $222,828.89. Pursuant to that judgment, appellant obtained a writ of attachment which was served upon the second appellee, Elkridge National Bank (hereinafter "Elkridge").

Elkridge filed a confession of assets indicating that it was holding a checking account in Williford's name containing $1,184.78. Appellant requested a hearing on the attachment, because it was aware that Elkridge held certain certificates of deposit in which Williford had an interest. Elkridge disclosed, in answering interrogatories, that it was holding a certificate of deposit in the amount of $80,000.00. The certificate, Elkridge advised, was held jointly by Williford and his wife and had been pledged to Elkridge as security for a letter of credit given to Aetna Casualty and Surety Company.

The hearing on the attachment was held on September 9, 1983. At the conclusion thereof, the court said:

"... I think this plaintiff is entitled to attach this particular certificate."

Counsel for appellant then inquired if he should prepare an order and the court responded, "[i]f you would be so happy." The Order for judgment of condemnation absolute was signed by the court on September 15, 1983, authorizing the garnishment in the total amount of $81,184.78.

Elkridge was not present at the hearing on September 9th due to a scheduling conflict. Elkridge knew, however, that

its answers to interrogatories, as well as those made by Williford, had previously been filed in the case. Those answers asserted that the certificate of deposit was not owned by Harold C. Williford individually, but included his wife's name and, further, that the certificate of deposit had been pledged as security for a letter of credit to Aetna Casualty and Surety Company. In addition, Elkridge inquired of the court whether its presence was required at the September 9th hearing and received notification from the trial judge's secretary that if a copy of the certificate of deposit was filed Elkridge need not attend.

The September 9th hearing consisted of oral argument; no testimony was presented. Appellant's counsel stated that the certificate of deposit had been assigned to Elkridge "for security for some sort of loan" and then argued that a certificate listing the owners as "Harold Williford *or* Jean Williford" was subject to garnishment by a creditor of either. Counsel for Williford insisted that the certificate was held by the husband and wife by the entireties. The trial court did not discuss the assignment of the certificate by Elkridge, but concluded that the certificate was not held "by the entireties" and was subject to garnishment by appellant.

The Clerk of the Circuit Court for Anne Arundel County entered the order extending judgment of condemnation absolute against Elkridge in the amount of $81,184.78 on September 15, 1983, and sent a copy of the order to appellant, but did not notify Elkridge of the order signed by the court. It is this failure to apprise Elkridge of the judgment that formed the basis of Elkridge's motion to strike. Elkridge did not learn of the judgment until it was so advised by appellant's counsel on or about October 20, 1983, approximately five days after the decree became enrolled.

Counsel for Elkridge was aware, however, that the court intended to enter judgment for some portion of appellant's claim. In his affidavit in support of the motion to strike judgment, Elkridge's counsel stated that he contacted appel-

lant's counsel subsequent to the September 9th hearing regarding the outcome of the case, and he was advised that appellant expected the court to grant judgment of condemnation absolute as to a portion of the claim. Responding to this disclosure, counsel for Elkridge advised appellant that a motion to strike would be filed if any such judgment was entered.

On November 2, 1983, Elkridge filed a motion to strike the judgment alleging no notice of the entry of judgment of condemnation prior to October 20, 1983, and asserting, further, that it had a meritorious defense to the judgment as indicated by its answers to interrogatories and production of documents filed prior to the September 9 hearing. Elkridge's motion was denied by the court on December 12, 1983. The court considered Elkridge's assertion, that it called the office of the clerk of court inquiring about the entry of an order "two or three" times between September 9 and September 15, insufficient to strike the enrolled judgment.

We conclude that the court's denial of Elkridge's motion of December 12th was based upon our holding in *Maryland Metals, Inc. v. Roy Harbaugh,* 33 Md.App. 570, 365 A.2d 600 (1976). Chief Judge Gilbert, in *Maryland Metals,* made clear that failure to furnish a copy of an order of court to counsel of record is not a "mistake or irregularity" under Maryland Rule 625(a). The decision in *Maryland Metals* tracked *Pumphrey v. Grapes,* 215 Md. 573, 138 A.2d 916 (1958), a case factually similar to the matter now before us. In *Pumphrey* the trial judge supplied the clerk with copies of his order for counsel. One attorney did not receive the copy intended for him and did not learn that the order had been filed until after the appeal period had expired. The Court refused to strike the judgment citing Rule 625(a). The Court said:

"... The obligation to follow and consult the docket rests upon counsel, who are charged with notice."

On December 14, 1983, Elkridge filed a second motion to strike judgment which was followed by a revised and supplemented motion to strike filed January 11, 1984. The revised motion raised, for the first time, the failure of the clerk of court to send Elkridge a copy of the order dated September 15, 1983, extending the judgment of condemnation absolute. This omission by the clerk, Elkridge asserts, is in contravention of Md.Rule 1219 (now 1–324) amounting to an "irregularity" within the meaning of Rule 625(a) (now 2–535) of the Md.Rules of Procedure and contrary to the requirements set forth in Courts and Judicial Proceedings article § 6–408.

By order dated January 27, 1984, the court set aside the enrolled judgment as it pertained to the $80,000.00 certificate of deposit, leaving unchanged the attachment and judgment involving the $1,184.78 checking account. A hearing on the merits was to be scheduled for a later date and, the order stated, the lien of the judgment as to appellant's claim in the remaining $80,000.00 was to be preserved until the trial of the attachment case. The court cited as its authority to set aside the judgment the failure of the clerk to comply with Md.Rule 1219 (now 1–324). This appeal followed.

■ Although the final action taken by the trial court required yet another hearing as to the seizure of the $80,-000.00, the striking of an enrolled judgment, or the refusal to do so, is in the nature of a final judgment and appealable. *Kraft v. Sussex Constr. Corp.*, 35 Md.App. 309, 370 A.2d 570 (1977).

An "irregularity" is usually defined as "the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court ought or ought not to be done." *Berwyn Fuel and Feed Co. v. Kolb*, 249 Md. 475, 240 A.2d 239 (1968); *Himes v. Day*, 254 Md. 197, 254 A.2d 181 (1969); *Calvert Fire Ins. Co. v. Reick*, 39 Md.App. 620, 387 A.2d 789 (1978).

Dismissal without notice under Rule 530(b) through 530(d) has been determined as an irregularity under Rule 625(a). *Mutual Benefit Society of Baltimore, Inc. v. Haywood,* 257 Md. 538, 263 A.2d 868 (1970). Failure of the clerk to send the required notice under Md.Rule 611 (default judgment—decree *pro confesso* ) has been held to constitute an irregularity within the meaning of Rule 625(a). *Maryland Lumber Co. v. Savoy Construction Co.,* 286 Md. 98, 405 A.2d 741 (1979). Elkridge contends that the failure of the clerk to notify it of the judgment entered September 15 is cognizable as an "irregularity" pursuant to former Rule 1219.

Rule 1219 took effect July 1, 1976. It states:

"upon entry on the docket, the clerk shall send all parties entitled to service under Rule 306 (Service of Pleadings and Other Papers) a copy of any order or ruling of the court not made in the course of hearing or trial unless the record discloses that such service has already been made. This Rule does not apply to show cause orders and orders nisi."

The purpose of the Rule is analogous to that expressed by Rule 611 (clerk shall send notice to defaulting defendants) and to Rule 530(b) (clerk shall notify parties of contemplated dismissal). The intent of these rules is to prevent hardships which may result from a lack of notice and the corresponding lack of an opportunity to interpose defenses prior to enrollment of a judgment. *See Newark Trust Co. v. Trimble,* 215 Md. 502, 138 A.2d 919 (1958), dealing with a motion to strike a confessed judgment.

Courts and Judicial Proceedings Article Sec. 6–408, enacted in 1977 following our decision in *Harbaugh, supra,* is a significant addition to the procedural safeguards afforded defendants. This Rule, identical to Rule 625(a), extends the revisory power of the court over enrolled judgments to include the failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule. Thus, Rule 625(a) is superseded by Sec. 6–408 and is applicable herein. *Pacific Mtg. and Inv. Group Ltd. v. Wienecke,*

50 Md.App. 128, 436 A.2d 499 (1981). The Court of Appeals has recognized that enrolled judgments may be revised where a violation of Sec. 6–408 results from the failure of either the court's or the clerk's employee to perform a duty required by statute or rule. *Maryland Lumber v. Savoy Construction Company, supra, accord, Pacific Mtg. and Inv. Group Ltd. v. Wienecke, supra.*

In *Kramer v. McCormick,* 59 Md.App. 193, 474 A.2d 1346 (1984), we considered, for the first time, the issue of the court's revisory power over judgments under Cts. & Jud. Proc.Art. Sec. 6–408 and former Md.Rule 1219. The court, in *Kramer,* held a decision *sub curia.* When a decree was entered and docketed, counsel did not receive copies as had been the custom of the judge. Once the oversight was brought to the court's attention, the judge issued an amended order and forwarded copies to counsel. An appeal was filed within thirty days of the date of the amended order.

We held, in *Kramer,* that the failure of the clerk to send a copy of the earlier order (not made in course of a hearing or trial) to Kramer empowered the trial court to revise its judgment by issuing an amended opinion pursuant to Md. Rule 1219 (now 1–324) and Sec. 6–408.

Appellant seeks to distinguish *Kramer,* alleging that the ruling in dispute in the case *sub judice* was made in the course of the hearing on September 9th which Elkridge did not attend. We disagree. If the order dated September 15 was a mere formality, the clerk was not required to notify the parties. If, however, the order was not made on the 9th, the clerk was required to send a copy of the order to all parties.

■ The clerk apparently considered that the order dated September 15th, entered on the docket on the 19th, should be forwarded to counsel, because he mailed a copy to appellant. He did not, however, advise Elkridge or Williford of the docket entry. The Rule does not contemplate or permit notification to less than all of the parties in interest.

The following comments concluded the September 9th hearing:

COURT: ... but I think this plaintiff is entitled to attach this particular certificate.

COUNSEL: And when you say attach, Your Honor, do you mean that I can get a judgment of condemnation on that amount?

COURT: Yeah.

COUNSEL: Should I prepare an Order?

COURT: If you would be so happy.

The court's comments imply a belief that appellant should prevail in its efforts to attach the $80,000.00 certificate of deposit. The court did not, however, expressly order that judgment of condemnation issue. Clearly, no recordable judgment could have been indexed prior to the recording of the order of September 15. We believe that the court could have concluded that his earlier reasoning was incorrect and, accordingly, he could have declined to sign the order presented to him on September 15. The fact that he did sign the order is not necessarily conclusive evidence that he passed such an order on September 9th. Judge Williams, apparently, did not consider that his comments on the 9th constituted a ruling made in the course of the hearing, otherwise he would not have stricken the enrolled judgment. We hold under the peculiar facts of this case that the clerk's failure to send a copy of the final order to Elkridge was an "irregularity" within the meaning of Md. Rule 625(a) (now 2-535) and Cts. and Jud.Proc. article § 6-408, authorizing the trial court to revise the enrolled judgment.

■ The trial court indicated in his memorandum opinion of January 27, 1984, setting aside the enrolled decree, that Elkridge would be required, at a hearing on the merits, to establish that the earlier judgment was wrong as a matter of law and that "it [was] acting in good faith [and] with ordinary diligence." Appellant observes, correctly, that in considering the motion to strike the court did not consider,

as it must, whether Elkridge acted in good faith, with due diligence and had a meritorious defense.

We agree with appellant that the court should have considered the alleged error by the clerk's office and the good faith-diligence-meritorious defense issues together. The court's failure to do so, however, is not fatal. The affidavit filed in support of the motion to set aside the judgment, the previously filed letter of assignment of the certificate of deposit, and the filing of the motion to strike 17 days after the decree became enrolled amount to more than sufficient evidence that Elkridge acted in good faith, with ordinary diligence, and had a sound defense. The criteria to support the court's decision to revise the judgment being established, the court's failure to make express findings is immaterial. *Hardy v. Hardy*, 269 Md. 412, 306 A.2d 244 (1973); *Maryland Lumber, supra.*

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.