530 A.2d 274

Robbin Lynn YOUNKER, et vir.

v.

SCHMID PRODUCTS COMPANY.

No. 22, Sept. Term., 1987.

Court of Appeals of Maryland.

Sept. 9, 1987.

Michael A. Pretl (Pretl & Erwin, P.A., on the brief), Baltimore, for appellant.

Phillips P. O'Shaughnessy (John E. Sandbower, III, and Sandbower, Gabler & O'Shaughnessy, P.A., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and JAMES H. COUCH, Jr. (retired), Specially Assigned, JJ.

MURPHY, Chief Judge.

Robin Lynn Younker and her husband, Leonard Younker (the Younkers), filed this product liability action against Schmid Products Company (Schmid) on November 30, 1983 in the Circuit Court for Washington County. The suit alleged that an intrauterine device manufactured by Schmid caused Ms. Younker to develop pelvic inflammatory disease. The Younkers also filed interrogatories and a request for the production of documents. Schmid filed its answer on February 21, 1984. Between that date and February 21, 1985, the docket entries reflect the parties' discovery efforts. On August 8 and 9, 1985, docket entries reveal that a law firm requested a copy of the complaint and that the clerk filled this request. After that date, no entries occurred for more than one year; thus, the clerk's office notified the parties that dismissal for lack of prosecution under Md.Rule 2–507 was contemplated.

The Younkers moved to defer entry of dismissal. In their motion, they explained the complex nature of their case, its relationship to similar intrauterine device cases pending in other Maryland courts, and the unresolved discovery disputes with Schmid in both their case in Washington County and the other pending cases. The trial court denied the motion and entered an order dismissing the case. The Younkers then moved to alter the judgment pursuant to Rule 2–534. In addition to the information contained in their motion to defer dismissal, the motion to alter judg-

ment informed the court that the statute of limitations would bar the Younkers from refiling their claim.

Schmid opposed the Younkers' motion to defer dismissal. It disputed plaintiffs' account of the discovery problems and the relationship between their case and other litigation. Finally, Schmid claimed prejudice by having to keep inactive cases on its books, especially cases that it considered without merit.

In *Powell v. Gutierrez*, 310 Md. 302, 529 A.2d 352 (1987), we determined that Rule 2–507 applied principally to dead cases, those "in which neither party demonstrates an interest in having the issue resolved." *Id.* at 308, 529 A.2d 352. Thus, if the party moving to defer dismissal shows an ability to proceed with prosecution and the party opposing deferral demonstrates no serious prejudice, the trial court should defer dismissal. *Id.* at 308, 529 A.2d 352. Thereafter, the court should apply caseload management techniques to insure that the action proceeds with reasonable dispatch.

Based on the record before us, the Younkers have clearly demonstrated their continued interest in having the case resolved, and Schmid has shown no serious prejudice due to delay. Therefore, we conclude that the trial court erred in dismissing the case.

ORDER OF THE CIRCUIT COURT FOR WASHINGTON COUNTY DISMISSING THE CASE FOR LACK OF PROSECUTION VACATED; CASE REMANDED TO THAT COURT TO REINSTATE THE CASE ON THE DOCKET; COSTS TO BE PAID BY APPELLEE.