539 A.2d 1165

**Raymond A. DYPSKI**

v.

**BETHLEHEM STEEL CORPORATION.**

**No. 1150, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

April 13, 1988.

Certiorari Denied June 27, 1988.

Claude L. Callegary (Peter M. Callegary and Callegary & Callegary, on the brief), Baltimore, for appellant.

Robert T. Franklin (Thomas E. Cinnamond and Semmes, Bowen & Semmes, on the brief), Baltimore, for appellee.

Argued before GILBERT, C.J., GARRITY, J., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

GILBERT, Chief Judge.

We must here decide whether a docket entry of an order of dismissal made pursuant to Md.Rule 2–507 [1](e) is sufficient to trigger the filing of post-judgment motions.

Ere we address that question, we shall sketch this case's procedural history.

Raymond A. Dypski appealed a decision of the Workmen's Compensation Commission to the Circuit Court for Baltimore City. After Dypski and his employer, Bethlehem Steel Corporation, engaged in the usual pre-trial motions and discovery, the case lay dormant for a little over a year from the date of the last docket entry. A notice of contemplated dismissal, dated January 14, 1986, was sent to Dypski pursuant to Md.Rule 2–507(d). Dypski moved to suspend the operation of the Rule. On February 10, 1986, the circuit court entered an order deferring the effect of the rule for a period of one year. The order provided that if the "case ... is not tried or otherwise disposed of in said one

---

1. Md.Rule 2–507 provides, in pertinent part:

"**(a) Scope.**—This Rule applies to all actions except actions involving the military docket and continuing trusts or guardianships.

....

(c) **For Lack of Prosecution.**—An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2–131, or Rule 2–132, except that an action for divorce a mensa et thoro or for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry.

(d) **Notification of Contemplated Dismissal.**—When an action is subject to dismissal pursuant to this Rule, the clerk shall serve a notice on all parties pursuant to Rule 2–321 that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under section (e) of this Rule.

(e) **Deferral of Dismissal.**—On motion filed at any time before 30 days after service of the notice, the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper.

(f) **Entry of Dismissal.**—If a motion has not been filed under section (e) of this Rule, the clerk shall enter on the docket 'Dismissed for lack of jurisdiction or prosecution without prejudice' 30 days after service of the notice. If a motion is filed and denied, the clerk shall make the entry promptly after the denial."

year period, it *shall be dismissed* for want of prosecution at the expiration thereof." (Emphasis supplied.)

During the summer of 1986, further discovery occurred. Trial was set for September of that year, but, because of the unavailability of one of Dypski's expert witnesses, the case was postponed by agreement of the parties. An order dismissing the case for lack of prosecution was docketed pursuant to Md.Rule 2–507(e) on February 25, 1987. A judgment absolute was entered in favor of Bethlehem Steel for the costs of the suit.

Although a copy of the order dismissing the suit was sent to the Workmen's Compensation Commission, neither litigant was notified of the dismissal. Dypski discovered the docket entry after receipt on March 3, 1987, of a statement of costs from the circuit court. Before the expiration of thirty days, Dypski filed a motion under Md.Rule 2–535 [2] to revise the judgment. He also filed a motion to suspend the dismissal. Both motions were denied. The hearing judge reasoned that the thirty days discretionary period for revising a judgment under Rule 2–535(a) had expired, and to permit a revision would be an abuse of discretion.

Of a different point of view, Dypski appeals and claims that:

1) Md.Rule 1–324 [3] requires the clerk to send a copy of an order of dismissal to all parties entitled to service; and

---

2. Md.Rule 2–535 states, in pertinent part:
   "**(a) Generally.**—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534.
   **(b) Fraud, Mistake, Irregularity.**—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity."

3. Md.Rule 1–324 mandates:
   "Upon entry on the docket of any order or ruling of the court not made in the course of a hearing or trial, the clerk shall send a copy of the order or ruling to all parties entitled to service under Rule 2–321, unless the record discloses that such service has already been

2) the failure of the clerk to send the notice of dismissal amounts to an "irregularity" within the meaning of Md. Rule 2–535(b), which permits a court to exercise its revisory power in accordance with Md.Cts. & Jud.Proc.Code Ann. § 6–408.[4]

This Court in *Alban Tractor Co. v. Williford,* 61 Md.App. 71, 484 A.2d 1039 (1984), *cert. denied,* 302 Md. 680, 490 A.2d 718 (1985), had occasion to discuss the importance of compliance with the requirements of Md.Rule 1–324 as well as the effect of noncompliance on a court's revisory powers under Md.Rule 2–535 and Cts. & Jud.Proc. Art. § 6–408. *Alban* upheld a circuit court's decision to set aside a judgment absolute in a condemnation case because of the clerk's failure to obey what is now Md.Rule 1–324. *Alban* states that the clerk's failure to comply was an "irregularity" within the meaning of present Md.Rule 2–535 and thus contrary to the requirements of § 6–408 of the Courts and Judicial Proceedings Article. 61 Md.App. at 76–78, 484 A.2d 1039.

Although the final judgment that was stricken in *Alban* had not been entered pursuant to an order under Rule 2–507(c), we think that *Alban*'s reasoning applies to the case *sub judice.*

■ The purpose of Md.Rule 1–324 is to "prevent hardships which may result from a lack of notice and the corresponding lack of an opportunity to interpose defenses prior to enrollment of a judgment." *Alban,* 61 Md.App. at

---

made. This Rule does not apply to show cause orders and does not abrogate the requirement for notice of a summary judgment set forth in Rule 2–501(e)."

**4.** Md.Cts. & Jud.Proc.Code Ann. § 6–408 (Repl. Vol. 1984) provides: "For a period of 30 days after the entry of a judgment, or thereafter pursuant to motion filed within that period, the court has revisory power and control over the judgment. After the expiration of that period the court has revisory power and control over the judgment only in case of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule."

77, 484 A.2d 1039. In the case at bar, the clerk, as we have previously observed, sent a copy of the order to the Workmen's Compensation Commission but not to Dypski. "[T]he rule does not contemplate or permit notification to less than all the parties in interest." *Alban*, 61 Md.App. at 79, 484 A.2d 1039. The failure to notify Dypski of the dismissal of the case caused him to lose his opportunity to file timely motions under the less stringent requirements of Md.Rules 2–534 [5] and 2–535(a). As a result, Dypski was limited to challenging the order under Rule 2–535(b), as an irregularity. His effort was deflected by the hearing court's ruling that the notice requirement was satisfied by the explicit terms of the order deferring dismissal.

The court's rationale, echoed by Bethlehem Steel on appeal, was apparently based on case law which was effectively overruled by the enactment of former Rule 1219,[6] present Rule 1–324. Similarly, Bethlehem Steel relies heavily on the 1972 case, *Pappalardo v. Lloyd*, 266 Md. 512, 295 A.2d 221, wherein the Court held that "[t]he formal Order of Dismissal entered by the court ... required no further notice and simply reduced to writing what was an accomplished fact." 266 Md. at 514–15, 295 A.2d 221. While it is true that Dypski's failure to comply with the express terms of the order which suspended the operation of Md.Rule

---

**5.** Md.Rule 2–534 declares:

"In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial."

**6.** The text of former Rule 1219 states as follows:

"Upon entry on the docket, the clerk shall send all parties entitled to service under Rule 306 (Service of Pleadings and Other Papers) a copy of any order or ruling of the court not made in the course of a hearing or trial unless the record discloses that such service has already been made. This Rule does not apply to show cause orders and orders *nisi.*"

2–507 effectively operated as a dismissal of the case, as in *Pappalardo,* 266 Md. at 514, 295 A.2d 221, a notice of such dismissal is now required under Md.Rule 1–324. That rule was not in existence in 1972. Rule 1219, the precursor of Rule 1–324, was added to the Rules on July 1, 1976. Md. Rule 1–324, as we have seen in note 3, *supra,* provides:

"Upon entry on the docket of any order or ruling of the court not made in the course of a hearing or trial, the clerk *shall send a copy of the order or ruling to all parties entitled to service* under Rule 2–321, unless the record discloses that such service has already been made. This Rule does not apply to show cause orders and does not abrogate the requirement for notice of a summary judgment set forth in Rule 2–501(e)." (Emphasis added.)

■ The use of the auxiliary verb "shall" in the third person imparts a mandatory meaning to the rule. (*See Webster's Ninth New Collegiate Dictionary,* 1985.) The Court of Appeals in *In re James S.,* 286 Md. 702, 706, 410 A.2d 586 (1980), adopted the guidelines set forth in 1A C. Sands, *Sutherland Statutory Construction* § 25.04 (4th Ed.1972) for determining whether a statute is mandatory or directory. There, the Court, quoting from 1A C. Sands, *supra,* at 301, stated:

"Certain forms and types of statutes are generally considered mandatory. Unless the context otherwise indicates the use of the word 'shall' (except in its future tense) indicates a mandatory intent. And even the permissive word 'may' is interpreted as mandatory when the duty is imposed upon a public official and his act is for the benefit of a private individual.... Something in the nature of a presumption favoring a mandatory interpretation is suggested by judicial expressions that a statute is to be so interpreted unless its directory or discretionary character 'clearly appears.'"

286 Md. at 706, 410 A.2d 586. By its express terms, the Rule places upon the clerk the affirmative duty of notifying *all* parties entitled to service of *any* order or ruling entered on the docket outside of the presence of the parties. The

notification is effected by mailing to the parties a copy of the order, unless otherwise delivered to them. Nevertheless, a copy of the order of dismissal was not sent to Dypski. Consequently, the clerk failed to perform the duty imposed by Md.Rule 1–324.

Under Maryland Rule 1–201(a) "[w]hen a rule, by the word 'shall' or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute." The direct result of noncompliance with Rule 1–324 is specified in Cts. & Jud.Proc. Art. § 6–408. That statute provides, in pertinent part, that the "failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule" extends the revisory power and control of the court beyond the usual thirty days revisory time that is permitted following the entry of a judgment. *Alban* explains that the enactment of Courts Art. § 6–408 affords even greater procedural safeguards than what is now Rule 2–535(b). 61 Md.App. at 77, 484 A.2d 1039. Moreover, *Alban* made clear that the precursor of Rule 2–535(b) was superseded by Courts Art. § 6–408.[7] *Id.* at 77, 484 A.2d 1039. *See also Pacific Mtg. and Inv. Group Ltd. v. Wienecke*, 50 Md.App. 128, 131, 436 A.2d 499 (1981); and *see Maryland Lumber v. Savoy Construction Company*, 286 Md. 98, 102, 405 A.2d 741 (1979). The clerk's failure to adhere to the command of Rule 1–324 and send a copy of the order of dismissal to Dypski was an irregularity within the meaning of Md.Rule 2–535(b). The hearing court was, therefore, empowered to revise the judgment.

Vitium clerici nocere non debet

(An error of a clerk ought not to hurt)

We conclude by observing that Md.Rule 2–507 was promulgated to remove "dead" cases from the docket, not to

---

**7.** Present Md.Rule 2–535(b), n. 2, *supra,* is followed by a committee note expressly stating that "this section is intended to be as comprehensive as Code, Courts Article § 6–408."

penalize plaintiffs for the procrastination of their attorneys. *Powell v. Gutierrez,* 310 Md. 302, 529 A.2d 352 (1987); *see also Younker v. Schmid Products Co.,* 310 Md. 493, 530 A.2d 274 (1987).

JUDGMENT REVERSED AND CASE REMANDED TO THE CIRCUIT COURT WITH INSTRUCTIONS TO REINSTATE THE CASE ON THE DOCKET FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.