550 A.2d 713

**Frank Ellsworth HENDERSON**

v.

**Valerie JACKSON, et al.**

**No. 470, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Dec. 5, 1988.

Leslie R. Cohen (Jeffrey J. Plum and Smith, Somerville & Case on the brief), Baltimore, for appellant Frank Ellsworth Henderson.

Richard Shapiro, Baltimore, for appellee, Valerie Jackson.

Argued before ROSALYN B. BELL, WENNER and FISCHER, JJ.

ROSALYN B. BELL, Judge.

Valerie Jackson filed suit against Frank Henderson for damages suffered when she was struck by an automobile allegedly owned and operated by Henderson. Henderson, although with difficulty, was ultimately served with process. He filed a *pro se* answer on September 30, 1986.[1]

It developed that Henderson was uninsured and in May of 1987, Jackson filed a Petition to Enter a Default Judgment under the uninsured motorist provision, Md.Code Ann., Art. 48A, § 243H(b)(3) (1957, 1986 Repl.Vol., 1988 Cum.Supp.). The petition alleged that a letter had been sent to Henderson by William A. Schoeberlin, dated March 18, 1987, on behalf of the Maryland Automobile Insurance Fund (MAIF), notifying Henderson, among other things, that the Uninsured Division of MAIF had negotiated a settlement with Jackson on Henderson's behalf for the gross sum of $20,000. The petition further stated that a photocopy of this notice of proposed settlement was attached to the petition. The record, however, contains no photocopy of the letter. Henderson contended that he did not receive notice of the settlement offer.[2] In May, 1987, MAIF consented to the entry of "judgment" by default. No order of default was signed by the court, but an Order of Assessment of Damages in the amount of $20,000 was entered against Henderson. The stamped docket entry read in part: "Judgment by Default entered absolute."

---

1. Considerable controversy is raised over where Henderson resided and whether he was evading service. Apparently, he did move from the address shown by the Motor Vehicle Administration. That new address was where he was served. This was confirmed by his answer.

2. Henderson concedes that MAIF did send, by certified mail return-receipt requested, a letter dated March 18, 1987, and addressed to "Frank Henderson, 823 Freemont Avenue, Baltimore, Maryland 21217" which was marked "return to sender, unclaimed." A copy of this letter and envelope was mailed to Henderson's then counsel in February, 1988 by MAIF's counsel. The envelope was clearly not directed to the address listed on Henderson's answer.

In June, 1987, Jackson filed a petition requesting payment of the judgment out of MAIF funds and MAIF consented. The petition specifically alleged that the court had issued notice to Henderson in accordance with Rule 2–613(b).[3] Despite the fact that no notice is reflected in the docket entries in the court file, a judge of the Circuit Court for Baltimore City entered judgment on June 5, 1987, and ordered MAIF to pay Jackson the sum of $20,000, plus costs.

On June 4, 1987, Jackson signed an Assignment of Order of Judgment to the use of MAIF. On June 15, 1987, Jackson filed an Order of Satisfaction of the Judgment.[4] On July 9, 1987, the Assignment was filed and judgment was entered to the use of MAIF. Henderson did not discover that a judgment had been entered against him until September, 1987, when he attempted to renew his driver's license and was advised by the Motor Vehicle Administration that his license had been suspended as a result of this judgment. On December 2, 1987, Henderson filed a motion to strike the judgment, supported by his sworn affidavit, averring that he had not received notice of order of default judgment, notice from MAIF, court papers or any correspondence other than the original complaint. Jackson filed a response and moved for joinder of MAIF. Counsel for Jackson filed an affidavit in support of Jackson's response to Henderson's motion to revise judgment. He alleged in part that he had moved his office to 309 Cathedral Street, Baltimore, Maryland, on August 1, 1986, and that he had

---

3. The petition stated, in pertinent part:
   "That Court has issued notice to the Defendant in accordance with Rule 2–613(b) Annotated Code of Maryland, Maryland Rules of Procedure."

4. The effect of the Order of Satisfaction was to close the case. On July 9, 1987, the stamped docket entry indicates: "Judgment entered to the use of the Maryland Automobile Insurance Fund of the State of Maryland. Order Filed." The record contains no order. This issue was not raised, but we fail to see that there is currently any judgment against Henderson that is enforceable.

"received no Answer as filed" by Henderson.[5] The record does not reflect that Jackson's counsel notified Henderson or the court of his change of address.[6]

On January 12, 1988, a judge of the Baltimore City Circuit Court "stayed" the proceedings to permit MAIF to file an answer and joined MAIF as a third-party defendant in the proceedings, whereupon MAIF filed an Answer on January 29, 1988. Henderson filed a request for a hearing on his motion to revise judgment. On March 4, 1988, the trial court, making no findings and holding no hearing, denied Henderson's motion. From this judgment, Henderson appeals.

## —Irregularity—

■ Rule 2–535 provides that an unenrolled judgment may be vacated and that the decision is within the discretion of the trial court. But once the judgment is enrolled, the trial court no longer has discretion unless it finds an irregularity, fraud, or mistake. *J.T. Masonry Co. v. Oxford Constr. Servs., Inc.,* 74 Md.App. 598, 610, 539 A.2d 694, *cert. granted,* 313 Md. 9, 542 A.2d 845 (1988). Appellant here relies on an irregularity, which he must show by clear and convincing evidence, in order to be entitled to relief under Rule 2–535 as an enrolled judgment is in question. *Billingsley v. Lawson,* 43 Md.App. 713, 718, 406 A.2d 946, *cert. denied,* 286 Md. 743 (1979), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980).

■ An irregularity, in the context of Rule 2–535(b), has been defined as the "doing or not doing of that, in the

---

5. Counsel for Jackson claims he filed a change of address with the post office. The certificate of mailing on the answer indicated the same address of counsel as that shown on the complaint. These facts remained unresolved by the trial judge who made no findings.

6. Despite the averment that he did not receive a copy of Henderson's answer, counsel is responsible for the contents of the court file. *Cohen v. Investors Funding Corp. of N.Y.,* 267 Md. 537, 541, 298 A.2d 154 (1973); *Maryland Metals, Inc. v. Harbaugh,* 33 Md.App. 570, 573–74, 365 A.2d 600 (1976). The answer was clearly filed and docketed.

conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done." *Berwyn Fuel & Feed Co. v. Kolb,* 249 Md. 475, 479, 240 A.2d 239 (1968). In the instant case, appellant alleges that an irregularity existed because the clerk failed to notify him of an order of default. Normally, the failure of the clerk to send the required notice of the order of default judgment under rule 2–613 is held to be an irregularity within the meaning of Rule 2–535. *Alban Tractor Co. v. Williford,* 61 Md.App. 71, 79, 484 A.2d 1039 (1984), *cert. denied,* 302 Md. 680, 490 A.2d 718 (1985).

Rule 2–613(b) provides in pertinent part that

"[p]romptly upon entry of an order of default, the clerk *shall* issue a notice informing the defendant that the order of default *has been entered....*" (Emphasis added.)

Similarly, Rule 1–324 provides in pertinent part:

"Upon entry on the docket of any order or ruling of the court not made in the course of a hearing or trial, the clerk *shall* send a copy of the order or ruling to all parties entitled to service under Rule 1–321, unless the record discloses that such service has already been made." (Emphasis added.)

Despite the contentions of both parties, no order of default was entered in the instant case. Appellee filed what is titled Petition to Enter Default Judgment under Article 48A, § 243H(b)(3). MAIF noted it had no objection. The court merely assessed damages. No trial or hearing was scheduled and the order assessing damages does not suggest that any hearing took place.

Rule 1–324 places an affirmative duty upon the clerk to notify a defendant of any order "not made in the course of a hearing or trial," which the clerk in the instant case failed to do. The direct result of noncompliance with Rule 1–324 is stated in Md.Cts. & Jud.Proc.Code Ann. § 6–408 (1974, 1984 Repl.Vol.). That section provides that the "failure of an employee of the court or of the clerk's office to perform

a duty required by statute or rule" extends the revisory power of the court beyond the 30 days that is normally allowed following the entry of a judgment. *Dypski v. Bethlehem Steel Corp.*, 74 Md.App. 692, 699, 539 A.2d 1165, *cert. denied*, 313 Md. 30, 542 A.2d 857 (1988).

█ Appellee contends, however, that, since Rule 1–324 provides that such notice shall be provided by the clerk "unless the record discloses that such service has already been made," notice is not required. She contends notice was effected because in cases involving MAIF, pursuant to Art. 48A, § 243H(b) (1988 Supp.), notice is provided by MAIF by certified mail return receipt requested to the defendant's last known address. A copy of the notice from MAIF is not in the record, hence we cannot be certain whether it provided adequate notice. The petition indicates, however, that the notice advised Henderson to appear in proper person or through counsel. Henderson had already entered an appearance; hence, the notice did not require any action by him. In any event, if the notice was in accordance with Art. 48A, § 243H(b), it would not meet the requirements of Rule 1–324.[7] We will explain.

---

7. Article 48A, § 243H(b) provides in pertinent part:
"(3) When the Fund has negotiated with the plaintiff or claimant and obtained an offer of settlement that the Fund finds reasonable, the Fund shall notify the defendant or uninsured party of the offer in the manner provided by the applicable rules adopted by the Fund. If the defendant or uninsured party approves the offer, the plaintiff or claimant shall proceed to settlement as provided by the rules adopted by the Fund and the Court of Appeals. If the defendant or uninsured party rejects the offer, the Fund shall cause a notice to be served on the defendant or uninsured party sent by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, to his last known address which shall state:
"(i) That the Fund shall withdraw from the claim or action without further notice at the expiration of 30 days from the date of the notice;
"(ii) *That the defendant or uninsured party has 30 days from the date of the notice within which to engage counsel* of his own selection to defend him in the claim or action and that his counsel shall enter an appearance for him in any pending action within the 30 day period *or that the defendant or uninsured party may enter an*

Under Art. 48A, § 243H(b)(3), all the notice could have stated was that if appellant rejected the offer, (i) MAIF would withdraw from the action, (ii) appellant had 30 days to engage counsel or "that the defendant ... may enter an appearance in his own behalf in the claim or any pending action" within the 30 days and (iii) if he or she did not comply with the notice within the 30 days, the Fund could settle the claim. This would not be a notice that a judgment would be or had been entered. It only states that a judgment *may* be entered if certain steps are not taken. Since appellant had already complied by filing an answer, he did not need to take any action.[8] Moreover, in the instant case, this notice was sent to appellant not to the address shown in the court jacket, but to the address believed by MAIF to be Henderson's last known address.

---

*appearance in his own behalf in the claim or any pending action within that period;* and

"(iii) That, if the provisions of subparagraph (ii) of this paragraph are not complied with, at any time after 30 days from the date of the notice and without further notice, suit may be filed or judgment may be entered against him in the amount of the settlement offer. After the expiration of any 30 day period of notice to a defendant or uninsured party, the Fund may settle the claim, file suit, or request the court to set the action for an expedited hearing. At the hearing the court may proceed in a summary manner, and if it is satisfied that this section or any other applicable provisions of this subtitle have been complied with, it may enter judgment against the defendant or uninsured party in favor of the plaintiff or Fund in the amount of the settlement offer. The defendant or uninsured party has 10 days in which to appeal from the date of the entry of the judgment. On the expiration of 10 days from the entry of any judgment entered under this section, the judgment is not subject to appeal, amendment, or other action of the court, unless there is proof of fraud, mutual mistake, or obvious irregularity." (Emphasis added.)

8. We note that COMAR, Title 14, 07.04.04 suggests a different form of notice and requires that the Fund be informed in writing of the uninsured's right to contest the settlement. These regulations are only effective insofar as they are not inconsistent with the statute. The Legislature has provided that, if no appearance is entered by the uninsured or on his or her behalf, in 30 days judgment may be entered against them. Since Henderson had entered an appearance, default could not be entered against him.

Under COMAR, MAIF is permitted to send its notice to the address then listed by the Motor Vehicle Administration and not the last known address.

Since the notice from MAIF could not comport with the requirements of Rule 1–324, under the circumstances of this case, it could not be deemed substitute notice. Moreover, once the answer was filed, MAIF was not authorized to secure the entry of judgment. MAIF could have settled the case; however, it could not proceed to have judgment entered since appellant sought to contest the case. Accordingly, we hold that an irregularity did in fact exist as a matter of law.

—Meritorious Defense—

In addition to showing that there was fraud, mistake, or irregularity, the party moving pursuant to Rule 2–535 must show "by satisfactory proof that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense." *Weitz v. Mac Kenzie,* 273 Md. 628, 631, 331 A.2d 291 (1975); *see also Office of People's Counsel v. Advance Mobilehome Corp.,* 75 Md.App. 39, 44, 540 A.2d 151, *cert. denied,* 313 Md. 30, 542 A.2d 857 (1988).

In view of the failure of the trial judge to make any findings, any conclusion by us clearly would be an entry into the province of the trial court, namely, that of fact finding. We therefore will remand with directions to the trial judge that he examine whether appellant was in fact acting in good faith with ordinary diligence and has a meritorious defense. If appellant meets those requirements the order of default must be set aside.

JUDGMENT VACATED.

CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO ABIDE THE OUTCOME.