556 A.2d 1140

Julie Jenkins GREER

v.

Martha INMAN.

No. 1190, Sept. Term, 1988.

Court of Special Appeals of Maryland.

May 1, 1989.

John R. Gober, Greenbelt, for appellant.

Craig Joseph Poff, Seabrook, for appellee.

Argued before MOYLAN, GARRITY and WENNER, JJ.

WENNER, Judge.

This is an appeal from a default judgment entered by the Circuit Court for Prince George's County against appellant, Julie Jenkins Greer, for failing to comply with an order compelling discovery. The appellee is Martha Inman. Appellant argues that:

    I.  The trial court erred when it refused to strike the default judgment.

    II.  The trial court erred when it refused to allow appellant to participate in the hearing to establish damages.[1]

Inasmuch as the record from the circuit court affords no basis for determining the rights of the parties, we shall vacate the judgment of the circuit court and remand the case to that court for further proceedings.

## Facts

This appeal was spawned in August, 1986, when appellee filed a two count complaint against appellant in the Circuit

---

1.  Appellant also contends that the award of damages was not supported by the evidence. In light of the disposition we make of appellant's first two contentions, we do not find it necessary to reach that issue.

Court for Prince George's County. In her complaint, appellee claimed that appellant had accosted her as she was standing on her own property in Greenbelt, Maryland. She alleged that, after she repeatedly asked appellant to leave her property, appellant assaulted and beat appellee with her fists. As a result of that beating, appellee claimed to have suffered injuries which caused her to seek medical treatment from two physicians.

Appellant denied the allegations, and, on May 9, 1987, filed a complaint against appellee for legal fees, emotional stress, and public humiliation suffered by her as a result of appellee's complaint, which was subsequently consolidated with appellee's complaint against appellant.

On August 28, 1987, appellee served interrogatories on appellant. When the interrogatories were not answered promptly, appellee filed a motion to compel discovery. That motion was granted on November 5, 1987.

Meanwhile, counsel for appellant moved to withdraw her appearance on August 24, 1987, because she had accepted employment with the Prince George's County State's Attorney's Office. That motion was granted, and an order striking counsel's appearance was entered on September 15, 1987.

On November 30, 1987, appellee, still without answers to her interrogatories, filed a motion for sanctions pursuant to Md.Rule 2–433. In the motion, she claimed that appellant had wilfully violated the court's order by failing and refusing to file answers to the interrogatories, and she asked the court to enter a default judgment against appellant. On December 8, 1987, the trial judge entered a default judgment against appellant and ordered an ex parte hearing on the issue of damages.

The hearing on damages was initially scheduled for January 26, 1988, although, since both parties moved for a continuance, the hearing was not held until April 13, 1988. Appellant appeared *pro se* at the April 13th hearing. When

she attempted to participate in the hearing, the trial judge told appellant that she could not participate in the hearing because she was in default. At the end of the hearing, the court entered judgment in favor of the appellee in the amount of $10,000.

On April 21, 1988, appellant filed a motion for a new trial, a motion to alter or amend the judgment, and a motion to revise. After hearing oral arguments from the parties, the judge denied appellant's motions.

## Discussion

### I.

Appellant contends that the circuit court erred when it refused to strike the default judgment. More specifically, appellant contends that, under Md. Rule 1–324, the clerk was required to send her a copy of the default judgment. Consequently, she contends that the clerk's failure to send her a copy of the default judgment is an "irregularity" under Md. Rule 2–535, warranting exercise of the circuit court's revisory power.

### A.

The law in Maryland is clear that, under certain circumstances, the failure to provide a copy of an order required to be sent by Rule 1–324 can be grounds for exercising the court's revisory power. *GEICO v. Ropka,* 74 Md.App. 249, 536 A.2d 1214, *cert. denied,* 312 Md. 601, 541 A.2d 964 (1988); *Alban Tractor Co. v. Williford,* 61 Md. App. 71, 484 A.2d 1039 (1984), *cert. denied,* 302 Md. 680, 490 A.2d 718 (1985). The first question we must answer, therefore, is whether a default judgment entered pursuant to Md.Rule 2–433 is an order or ruling of the court to which Rule 1–324 applies.

Maryland Rule 1–324 provides:

Upon entry on the docket of any order or ruling of the court not made in the course of a hearing or trial, the clerk shall send a copy of the order or ruling to all parties entitled to service under Rule 1–321, unless the record discloses that such service has already been made. This

Rule does not apply to show cause orders and does not abrogate the requirement for notice of a summary judgment set forth in Rule 2–501(e).

In *Alban Tractor Co. v. Williford, supra,* 61 Md.App. at 77, 484 A.2d 1039, we said that the purpose of Rule 1–324 is analogous to that expressed by Rule 2–613 (clerk shall send notice to defaulting defendants) and Rule 2–507(d) (clerk shall notify all parties of contemplated dismissal.) The rule is intended "to prevent hardships which may result from a lack of notice and the corresponding lack of an opportunity to interpose defenses prior to enrollment of a judgment." (Citations omitted.) *Id.*

Maryland Rule 2–433 provides in subsection (b):

If a person fails to obey an order compelling discovery, the court, upon motion of a party and reasonable notice to other parties and all persons affected, may enter such orders in regard to the failure as are just, including [an order entering a judgment by default against the failing party].

Rule 2–433 also provides, in relevant part, that the court may conduct a hearing to determine the amount of damages, although the court is not required to conduct such a hearing.

It is, of course, a settled principle that where the language of a statute or rule is plain and free from ambiguity, there is no need to look beyond its words to find the statute's meaning. *Fireman's Fund Insurance Co. v. Bragg,* 76 Md.App. 709, 548 A.2d 151 (1988). When that principle is applied to the case *sub judice,* it is clear that there is no need to look beyond the plain language of Rule 1–324 to determine whether it applies to a default judgment entered under Rule 2–433. We conclude that it does. Accordingly, we hold that the clerk is required to send all parties entitled to service a copy of the default judgment whenever such a judgment is entered without the benefit of a hearing or trial.

In the case *sub judice,* the circuit court entered the default judgment without the benefit of a hearing or trial.

Under the plain language of Rule 1–324, the clerk was, therefore, required to send appellant a copy of the judgment.

## B.

It is undisputed that a copy of the default judgment was not sent to appellant. Appellee nevertheless argues that appellant is not entitled to a new trial because she failed to show that she acted in good faith, with ordinary diligence, and that she had a meritorious defense. Appellee's argument is essentially two-fold. First, appellee argues that appellant received constructive notice from the docket entries, her former attorney, and various trial notices that a default judgment had been entered against her. She therefore posits that appellant's failure to act shows a lack of diligence.[2] Appellee also argues that appellant cannot claim she acted in good faith because she has repeatedly failed to file answers to interrogatories, even when ordered by the court to do so.

Appellee correctly points out that, in addition to proving fraud, mistake or irregularity, a party seeking to strike out an enrolled judgment must show that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense. *GEICO v. Ropka, supra, Weitz v. MacKenzie,* 273 Md. 628, 331 A.2d 291 (1975). However that may be, we are nonetheless unable to determine whether appellant is entitled to the relief she seeks. A careful review of the record reveals that, when the circuit court denied appellant's post-trial motions, the court only articu-

---

**2.** Appellee contends that the docket entries clearly indicated that a judgment by default had been entered against appellant. She therefore argues that appellant cannot complain that she was unaware of the entry.

We point out for the benefit of the trial judge on remand that, while it is an often stated principle that the parties are required to keep informed as to what is occurring in a pending suit, the express provision for notice to the litigants provided by Rule 1–324 overrides that proposition. *GEICO v. Ropka, supra, quoting Mutual Benefit Society of Baltimore, Inc., v. Haywood,* 257 Md. 538, 263 A.2d 868 (1970).

lated its finding with respect to appellant's right to participate in the hearing on damages. The court did not articulate its reason for denying appellant's motion to revise, nor did it articulate any factual findings with respect to that motion. Accordingly, we are unable to say whether the court acted properly in denying appellant's motion to revise.

Ordinarily, it is the responsibility of the parties to provide a proper record. *King v. State Roads Commission, etc.,* 284 Md. 368, 374, 396 A.2d 267 (1979). We have previously recognized, however, that when "the record is incomplete through no apparent fault of the appealing party ... the purposes of justice will be advanced by permitting further proceedings in the cause." *Id. See also* Md. Rule 8–604(d)(1).

In the case *sub judice,* we do not think it was appellant's fault that the lower court failed to articulate the reasons for its denial of appellant's motion to revise, because the motion was denied without a hearing. We shall, therefore, remand the case to the circuit court for further proceedings.

## II.

Although unnecessary to the determination of appellant's motion to revise, we shall address appellant's second issue, as it is likely to come up again on remand. Appellant contends that the trial court erred when it refused to allow her to participate in the hearing on damages. Specifically, she argues that, while the default judgment settled the issue of liability, she should have been permitted to cross examine witnesses and present evidence in mitigation of damages. We agree.

It is beyond cavil that the entry of a judgment by default in a claim for unliquidated damages merely establishes the non-defaulting party's right to recover. *Sharp v. Bates,* 102 Md. 344, 62 A. 747 (1905); *J.C. Penny Co., Inc. v. Harker,* 23 Md.App. 121, 326 A.2d 228 (1974). The general rule, therefore, is that, "although the defaulting party may not introduce evidence to defeat his opponents' right to recover at the hearing to establish damages, he is entitled

to present evidence in mitigation of damages and cross examine witnesses." *Firestone v. Harris,* 414 A.2d 526, 528 (D.C.App., 1980). *See also Ackron Contracting Co. v. Oakland County,* 108 Mich.App. 767, 310 N.W.2d 874 (1981); *Gallegos v. Franklin,* 89 N.M. 118, 547 P.2d 1160, *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976); *Rainwater v. Haddox,* 544 S.W.2d 729 (Tex.Civ.App., 1976); 3 Poe's *Pleading and Practice,* § 369 (6th Ed.) *See generally Banegura v. Taylor,* 312 Md. 609, 541 A.2d 969 (1988).

In the case *sub judice,* as we previously pointed out, when appellant attempted to interpose an objection to the introduction into evidence of certain medical reports, the trial judge told appellant she was not permitted to participate in the hearing on damages. He said:

> You are in default. You may sit here and listen to the proceedings and observe the proceedings, but you may not participate in the proceeding.

Consequently, appellant is entitled to a new hearing on the question of damages.

JUDGMENT VACATED AND CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO ABIDE THE RESULT.