985 A.2d 616

**William F. SPRY, et al.**

v.

**Ralph GOONER, et al., Co–Personal Representatives
of the Estate of William Leonard Spry.**

**No. 2677, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

Jan. 5, 2010.

David L. Scull, Bethesda (E. Ellis Rollins, Elkton, on brief), for Appellant.

Norman L. Smith, Jeffrey E. Nusinov (Fisher & Winner, LLP, on brief), Baltimore, for Appellee.

Panel: DAVIS, JAMES R. EYLER, JAMES A. KENNEY, III, (Retired, specially assigned), JJ.

EYLER, JAMES R., J.

William F. Spry and Robert Allen Spry, appellants, appeal from an order entered by the Orphans' Court for Cecil County, dismissing appellants' exceptions to a first administration account in the estate of William L. Spry, decedent (hereinafter decedent or settlor), on the ground that appellants lacked standing. The basis of the order was that appellants were not "interested persons" within the meaning of Maryland Code (2001 Repl.Vol., 2008 Supp.), § 1–101(i) of the Estates & Trusts Article ("ET"). Ralph Gooner, Thomas S. Crouse, and Harold Hartzel, personal representatives of the estate, and Christine Spry, surviving spouse of the decedent,[1] are appellees.

On appeal, appellants contend the court erred in dismissing the exceptions based on lack of standing. We agree, and on the facts of this case, conclude that appellants have standing to file exceptions. Because the exceptions were dismissed for lack of standing, the orphans' court did not address issues other than standing. Thus, even though appellees raise additional issues, the record was not sufficiently developed for appellate review, and we decline to address issues other than standing. Consequently, we shall reverse and remand the case to the orphans' court for further proceedings.

## Background

The decedent's date of death was December 17, 2006. He was survived by his spouse, Christine Spry, two sons from a prior marriage, appellants herein, and a stepson from the prior marriage, Ralph Gooner, an appellee.

During his lifetime, on March 15, 2004, the decedent, as settlor, created a revocable trust (hereinafter the revocable trust). The trust became irrevocable upon the settlor's death.

---

1. Christine Spry did not file a brief in this Court.

The settlor named himself as trustee and Ralph Gooner, Thomas S. Crouse, and Harold Hartzel, appellees, as successor trustees. The trust, in pertinent part, provided that, upon the death of the settlor, specific trust assets were to be distributed to certain named persons,[2] and the rest, residue, and remainder of the trust assets were to be divided equally between the two appellants, free of trust if appellants were over the age of 25. During his lifetime, the settlor transferred a substantial portion of his property to the revocable trust.

On February 3, 2005, the decedent executed a will. The will, in pertinent part, provided for distribution of all of the decedent's property to the trustees of the revocable trust.[3] The decedent appointed Ralph Gooner, Thomas S. Crouse, and Harold Hartzel, appellees, as personal representatives.

On April 10, 2007, appellants filed a petition to caveat the will, asserting undue influence and lack of testamentary capacity. On April 16, 2008, appellants dismissed the petition.

In 2008, the personal representative appellees filed a first administration account and a revised first administration account. Appellants filed exceptions to both accounts. The exceptions raised issues relating to valuation of assets, accounting for post death income and expenses, the distribution of cash,[4] and tax issues which appear to relate to whether the personal representatives failed to properly perform their duties and, thus, caused an increase in taxes. On November 18, 2008, the orphans' court held a hearing on the exceptions.

---

**2.** The details are not pertinent to the issue presented on appeal.

**3.** The will also provided for distribution of estate assets in the event that the decedent revoked the revocable trust during his lifetime. He did not revoke the trust.

**4.** This issue is confusing because the revised first administration account, which has been provided to us, reflects a distribution of cash to two individuals, although the will provides that all assets should be distributed to the trustees of the revocable trust. At oral argument, we were advised that the cash was or may have been an inter vivos gift, and that the administration account has been amended. The will provides that all distributable assets should be distributed to the revocable trust, and valid gifts prior to death would not be part of the estate.

The court requested the parties to submit memoranda on the issue of standing. By order dated December 23, 2008, the orphans' court dismissed the exceptions on the ground that appellants lacked standing.

Appellees advise us that, in 2007, appellants filed a complaint in the Circuit Court for Cecil County against Ralph Gooner, Thomas S. Crouse, and Harold Hartzel, as trustees of the revocable trust, and against Christine Spry. In that complaint, appellants challenged the validity of the revocable trust and inter vivos deeds conveying property to the trust, and sought an accounting by the trustees. Appellants alleged undue influence, fraud, duress, and misappropriation of assets. At some point, appellants dismissed that suit.

## Discussion

### *Statutory Framework*

A personal representative shall file written accounts of his management and distribution of property at the times and in the manner prescribed in this subtitle, with a certification that he has mailed or delivered a notice of the filing to all interested persons.

ET § 7–301. Similarly, § 7–501(a) provides that a personal representative must give written notice to "all interested persons" of the filing of an account with the court, and Md. Rule 6–417(d) provides that a personal representative must serve notice of the filing of an account on "each interested person."

Exceptions to an account must be filed with the register within 20 days of the approval of the account by the court. Exceptions may not be filed concerning an item which has become final and binding under § 7–502. Copies of exceptions shall be mailed by the *exceptant* to the personal representative.

(Emphasis added.). ET § 7–501(b).[5]

The concept of "interested person," as used in the Estates and Trusts Article of the Maryland Code, is relevant to the issue before us. An "interested person" is

 (1) A person named as executor in a will;

 (2) A person serving as personal representative after judicial or administrative probate;

 (3) *A legatee in being, not fully paid, whether his interest is vested or contingent;*

 (4) An heir even if the decedent dies testate, except that an heir who is (a) a minor or other person under a disability, or (b) the judicially appointed guardian, committee, conservator or trustee for such person, if any, and if none, then the parent or other person having assumed responsibility for such person.

An heir or legatee whose interest is contingent solely on whether some other heir or legatee survives the decedent by a stated period is an interested person but only after the other heir or legatee has died within that period.

(Emphasis added.). ET § 1–101(i).

A "legatee means a person who under the terms of a will would receive a legacy. It includes a trustee but not a beneficiary of an interest under the trust." ET § 1–101(m). "Legacy means any property disposed of by will. . . ." ET § 1–101(*l* ).

An "exceptant," pursuant to ET § 7–501(b) and Md. Rule 6–417(f), may file exceptions within 20 days after an order approving the account. Neither the statute nor the rule expressly identify who has standing to file exceptions nor do either expressly state that only an "interested person" has standing to file exceptions.

---

**5.** Section 7–502 requires the personal representative to give notice to each creditor who has filed a claim against the estate and to all "interested persons" of the filing of a petition which could result in the payment of a debt, commission, fee, or other compensation to the personal representative or the attorney for the estate.

*Contentions*

Appellants impliedly concede they are not "interested persons"[6] but, relying on *Carrier v. Crestar Bank*, 316 Md. 700, 561 A.2d 227 (1989), contend that, as beneficiaries of a trust that is a legatee under the decedent's will, they have standing to file exceptions to the personal representatives' administration account.

Appellees contend that appellants are not "interested persons" or "legatees" as defined in the Estates and Trusts Article and, as beneficiaries of an inter vivos trust, lack standing to except to the administration account. Appellees argue that *Carrier* held that beneficiaries of a testamentary trust are "interested persons" and, therefore, have standing to file exceptions to an administrative account, but the holding was subsequently overruled by the legislature. Additionally, appellees argue that to the extent *Carrier* extends standing to persons other than "interested persons," its holding is limited to beneficiaries of testamentary trusts and does not apply to beneficiaries of inter vivos trusts, such as the revocable trust. Finally, appellees contend that appellants' exceptions relate to either tax issues not within the jurisdiction of the orphans' court or to actions by the trustees of the revocable trust, which actions were the subject of appellants' now dismissed circuit court suit.

*Analysis*

*Standing*

In *Carrier*, the decedent created a residuary trust under the terms of his will. The decedent's daughter received a beneficial interest under the trust which existed during the term of the decedent's spouse's life, and she also received a remainder interest in the corpus of the trust. The trust ended upon the

---

6. Appellants were not "interested persons" at the time they filed exceptions to the accounts. As intestate heirs, appellants were "interested persons" within the meaning of ET § (i)(4), but ceased to be such when they received notice pursuant to § 2–210 and subsequently dismissed their caveat to the will.

death of the decedent's spouse. *Carrier*, 316 Md. at 713, 561 A.2d 227. The daughter filed exceptions to an estate administration account. The personal representative filed a motion to dismiss on the ground that the daughter lacked standing, and the court granted it. *Id.* at 706, 561 A.2d 227.

The Court of Appeals held that (1) the daughter was an "interested person," and (2) she did not have to be an "interested person" in order to have standing to file exceptions. *Id.* at 713, 561 A.2d 227. With respect to whether the daughter was an "interested person," relying on an explanatory comment which followed ET § 1–101, Maryland Code (1974),[7] the Court concluded that even though an individual was not an "interested person" as defined in that section, the individual would be treated as such for filing exceptions if the individual had a legal future interest. *Id.* Because the daughter had a remainder interest, the Court concluded that she was an "interested person."

With respect to standing, the Court of Appeals held that standing to file exceptions to an account is governed by common law. *Id.* at 719, 561 A.2d 227. The Court explained that, under common law, an individual who "might possess or derive an interest under a will," *id.* at 716, 561 A.2d 227, including an individual who possesses "either a beneficial interest under a trust or a future interest, such as a remainder, would be permitted to object to an account." *Id.* at 717, 561 A.2d 227.

The language in the statutes quoted above was substantively the same in 1989, when the *Carrier* case was decided. In 1990, the legislature reenacted the language contained in ET § 1–101(i)(3) and (m). Laws of 1990, ch. 674. In doing so, the legislature explained its reenactment of preexisting language by stating that (1) "the definition of legatee and, therefore, of an interested person includes a trustee, but not a beneficiary, of an interest under the trust notwithstanding any holding or

---

7. The explanatory comment does not appear in subsequent supplements or in the ET 2001 Replacement volume.

dictum to the contrary in *Carrier v. Crestar Bank, N.A.,* 316 Md. 700, 561 A.2d 227(1989)"; (2) "a legatee and, therefore, an interested person, includes a remainderman who has a legal future interest following a legal life estate or term of years"; and, (3) "a legatee and, therefore, an interested person includes the holder of any intervening interest not held in trust." *Id.*

It seems clear that the legislature's intent was to reaffirm the statutory definition of "interested person" and confirm that it did not include a beneficiary under a trust, whether the beneficiary held a remainder interest or otherwise. *See Kann v. Kann,* 344 Md. 689, 702, 690 A.2d 509 (1997). ("The definition of 'legatee' under ET § 1–101(k) [now (m) ] considers the trustee, but not the beneficiary of an interest under a testamentary trust, to be the person receiving the legacy under the will.")

We conclude that the legislature did not, however, overrule the second holding in *Carrier, i.e.,* standing to file exceptions to an administration account is governed by common law. In addition to the above references, our conclusion is supported by the contents of a legislative committee's favorable Floor Report on the bill prior to its enactment in 1990. It states that the bill was designed to change the portion of *Carrier* in which the Court held that an "interested person" includes a remainderman under a trust. It also stated that the ruling "was not a part of the final decision of the Court," but did create a "misconception about the definition of legal future interest." This clearly implies the intent was not to change the second holding in *Carrier,* that standing to file exceptions to an administration account is determined by common law.

Under common law, on the facts of this case, we conclude that appellants had a beneficial interest in the revocable trust. First, *Carrier* extended standing to the beneficiary of a testamentary trust, but it did not expressly limit its holding to testamentary trusts. In the relevant discussion, the Court simply referred to "trust(s)." Second, we see no practical distinction between a testamentary trust and an inter vivos

trust in this context and on these facts. In the case before us, all of the estate assets, after proper expenses and other deductions, are to be distributed to the revocable trust. The fact that the assets flow to a trust in existence prior to the decedent's death as opposed to a trust created under the will makes no practical difference with respect to a beneficiary's standing to except to an accounting with respect to those assets. We emphasize what is obvious, however, *i.e.*, the assets, income and expenses subject to estate accounting and exceptions are those flowing through the estate, not those conveyed to the revocable trust during the decedent's lifetime.

In considering the question of standing, we are also mindful of practical considerations. Once estate assets are distributed to the trustees of a revocable trust, a beneficiary's recourse against perceived misconduct by the trustees is through an appropriate action against the trustees. If a beneficiary of an inter vivos trust did not have standing in situations such as the one before us, and the trustees of that trust, as "legatees" and "interested persons," did not take action, a beneficiary's rights against the trustees may not be capable of being enforced before it is too late to challenge the accounting in the estate.

Neither the parties herein nor we have been able to find a significant number of cases in which the "common law" has been applied in this context. As in this State, most jurisdictions, if not all, have statutes, and it is difficult to tell whether a decision turned on common law or statutory language, or both. As is true in Maryland, most decisions involve testamentary trusts, and most hold that beneficiaries of such trusts have standing, unless otherwise controlled by statute. *See, e.g., Carrier,* 316 Md. at 716–717, 561 A.2d 227 (citing *In re Estate of Provus,* 30 Ill.App.3d 378, 332 N.E.2d 759 (1975); *In re Slatz' Estate,* 144 Neb. 154, 12 N.W.2d 829 (1944); 31 Am Jur.2d Executors and Administrators, § 521, (1967), now § 886; and 34 C.J.S. Executors and Administrators, § 884 (1942), now § 1011. Generally, these authorities state that a person "beneficially interested" in the estate has standing to except to an account. *See* Carrier, 316 Md. at 716, 561 A.2d

227; *In re Statz,* 12 N.W.2d at 835; and 31 Am Jur.2d Executors and Administrators, § 1011).

While we have found decisions in addition to those cited above, we have found none squarely on point. We agree with the reasoning of the court in *Ollick v. Rice,* 16 Ohio App.3d 448, 476 N.E.2d 1062 (1984), however, on facts analogous to those in the case before us. In *Ollick,* the beneficiary of an inter vivos trust filed an objection in an estate to the payment of certain fees and to the accounting. The beneficiary's standing was challenged. *Id.* at 1070–1072. The will provided that, except for three specific bequests, all of the estate's assets were to be distributed to the inter vivos trust. *Id.* The court recognized cases holding that beneficiaries under a testamentary trust have standing to except to an account filed in an estate and concluded that, "[u]nder the factual situation presented here, [the beneficiary's] interest is almost identical to that of a beneficiary taking under a testamentary trust." *Id.*

As discussed above, the Court in *Carrier* used the word "trust" without specifying testamentary versus inter vivos. Similarly, a noted commentator on the administration of Maryland estates makes no distinction between testamentary and inter vivos trusts in the context before us.

> Anyone with an interest can file exceptions, even if not technically an interested person. Thus, an exception can be filed by the beneficiary of a Trust, although the Trustee is the interested person. See *Carrier v. Crestar Bank, N.A.,* 316 Md. 700, 561 A.2d 227 (1989). See also § 2.42(2).

Gibber·on Estate Administration, § 8.45 (5th ed.2008).

Thus, appellants, pursuant to the second holding in *Carrier,* had standing to file exceptions.

### Other Issues

Appellees contend that the orphans' court lacks jurisdiction over some of the issues raised by the exceptions, specifically, the tax issues. Appellees argue that the orphans' court lacks jurisdiction to determine what taxes are due, the validity of

tax assessments, and how taxes are to be calculated. Appellees also contend that some of the issues were the subject of the suit filed in the now dismissed circuit court suit and are "an attempted bite at the same apple."

The exceptions were dismissed for lack of standing, and the issues raised by appellees have never been addressed. The record has not been developed sufficiently for us to rule on the question of jurisdiction or what we perceive to be a res judicata argument. Consequently, we remand for further proceedings consistent with this opinion.

**JUDGMENT REVERSED. CASE REMANDED TO THE ORPHANS' COURT FOR CECIL COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE PERSONAL REPRESENTATIVE APPELLEES.**