REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 0044

September Term, 2013

MARGARET K. VITO
BY MICHAEL L. VITO

v.

E. EDWARD KLAUSMEYER, JR.,
PERSONAL REP. OF THE ESTATE OF
E. EDWARD KLAUSMEYER, SR.

Woodward,
Berger,
Eyler, James R.
 (Retired, Specially Assigned),

JJ.

Opinion by Eyler, James R., J.

Filed: March 4, 2014

Margaret K. Vito, by her attorney-in-fact, Michael L. Vito,[1] appellant, appeals from an order by the Orphans' Court for Baltimore County denying her petition to vacate the court's prior approval of administration accounts in the estate of E. Edward Klausmeyer, Sr., decedent. E. Edward Klausmeyer, Jr., appellee, is the personal representative of the estate. The question before us is whether the beneficiary of a testamentary trust may file exceptions to an administration account after the statutory deadline for doing so when the beneficiary did not receive notice of the filing of the account. We answer that question in the negative and affirm the judgment.

### Background

On October 26, 2008, E. Edward Klausmeyer, Sr., died testate. He was survived by two children, the parties herein. On December 3, 2008, pursuant to the terms of the will, appellee was appointed personal representative. The will directed that the residuary estate be divided into two equal shares. The decedent bequeathed one share to appellee and the other share, in trust, to appellant. The will appointed appellee trustee of the trust.

In 2009, appellant filed a petition to caveat the decedent's will. The orphans' court transmitted issues to the Circuit Court for Baltimore County. After a period of discovery, appellant dismissed the petition.

On April 25, 2011, appellee filed a first administration account. On April 28, 2011, the orphans' court approved the account, subject to the filing of exceptions. No exceptions were filed. On December 8, 2011, appellee filed a second and final administration account.

_____

[1] Margaret K. Vito has Alzheimer's disease and is disabled.

By order of the same date, the orphans' court approved the account, subject to the filing of exceptions. No exceptions were filed.

On August 22, 2012, appellant filed in the orphans' court a petition to vacate (1) the orders approving both administration accounts and (2) an order approving personal representative's commissions.[2] The petition also contained exceptions to the administration accounts.[3]

The petition to vacate the orders approving the administration accounts stated that appellant[4] did not receive notice of the filing of either account. Appellant argued that, because she was not given notice, she should have the right to file exceptions, even though the deadlines for doing so had passed. Appellee filed an opposition and motion to dismiss the appellant's petition.

On February 25, 2013, the orphans' court held a hearing, and on March 1, 2013, it filed an opinion and order denying appellant's petition. While acknowledging that appellant had standing to file exceptions, the court ruled that she was not entitled to notice of the filing of the administration accounts; thus, she was not excused from the statutory requirement that

---

[2] Subsequently, appellant withdrew the petition to vacate the order approving commissions.

[3] Appellant alleged self dealing by appellee. The substance of the exceptions is not material to the issue before us.

[4] The term appellant includes Michael L. Vito, attorney-in-fact.

exceptions be filed within 20 days after the filing of each account.[5]

## Question Presented

As rephrased by us, the question is whether appellant was entitled to file exceptions

to an administration account after the time period for filing exceptions had expired on the

ground that she did not receive notice of the filing of the administration account?[6]

## Appellant's Arguments

To provide context for appellant's arguments, we begin with general principles. A

personal representative is required to file administration accounts with a certification that he

or she mailed a notice of the filing to all "interested persons." Md. Code (2011 Repl. Vol.),

Estates and Trusts Article (ET) 7-501(a). A trust beneficiary is not an "interested person"

_____

[5] The court also found that by June, 2011, appellant had actual notice of the April 28, 2011 order. The court was "left to wonder why it took so long to file exceptions if the argument is 'no notice.'" The court also observed that it "was not persuaded [appellant] did not have actual knowledge of the fact that the first and second administration accounts had been filed." Nevertheless, the court rested its decision on the conclusion that standing did not carry with it a waiver of the statutory period within which to file exceptions.

[6] As phrased by appellant, the questions are:

> Were the orders approving the administration accounts final as to Ms. Vito, a beneficiary of a testamentary trust established in the estate, when she received no notice of the filing of the administration accounts?
>
> Is the failure to provide notice of the filing of administration accounts to a beneficiary of a testamentary trust established in the estate a violation of procedural due process and an irregularity to vacate the orders approving the accounts?

3

as defined in section 1-101(i) and, therefore, is not entitled to notice under section 7-501(a). ET section 7-501(b) and Maryland Rule 6-417(f) require that exceptions to an administration account must be filed within 20 days after approval of the account by the court. Rule 6-417(g) makes clear that, in the absence of fraud, mistake, or irregularity, if timely exceptions are not filed, "the order of the court approving the account becomes final." *Brewer v. Brewer*, 386 Md. 183, 198 (2005).

Appellant acknowledges that she is not an "interested person" as defined in the Estates and Trusts Article. Relying on *Spry v. Gooner*, 190 Md. App. 1 (2010), she observes that a beneficiary of a testamentary trust has standing to file exceptions to an administration account. Appellant contends, nevertheless, that the beneficiary does not lose the right to file exceptions unless the beneficiary receives notice of the filing of the account.

In essence, appellant makes two arguments. Relying on ET sections 7-501 and 7-502, she argues that the orders approving the accounts were not final. She reasons that such orders become final only if all persons with standing receive notice. In the alternative, appellant argues that, if the orders were final, the lack of notice was a procedural irregularity, analogizing to Md. Rule 2-535, and deprived her of procedural due process.

**Discussion**

We re-visit our analysis in *Spry*, 190 Md. App. 1, to provide some additional context. In that case, beneficiaries of a trust that was a legatee under the decedent's will filed exceptions to an administration account filed in the decedent's estate. The orphans' court

4

dismissed the exceptions. On appeal, the beneficiaries acknowledged that they were not statutory "interested persons" but argued that under *Carrier v. Crestar Bank*, 316 Md. 700 (1989), they had standing to file exceptions. *Id*. at 6. In *Carrier*, the Court of Appeals held that the standing to file exceptions to an administration account is governed by common law, not by whether the person filing the exceptions is a statutory "interested person." *Id*. at 7. In *Spry*, we concluded that the legislature, in re-enacting the Estates and Trusts Article in 1990, by its language, made it clear that a beneficiary under a trust is not an "interested person." *Id*. at 8; ET section1-101(i)(3)("Interested person" includes "[a] legatee in being, not fully paid, whether his interest is vested or contingent".); ET section1-101(m) ("Legatee means a person who under the terms of a will would receive a legacy. It includes a trustee but not a beneficiary of an interest under the trust."). We also concluded, however, that the legislature did not overrule the holding in *Carrier* that standing to file exceptions is governed by common law. *Id*.

Thus, under *Spry*, appellant has standing to file exceptions. Because she is not a statutory "interested person," the issue before us, *i.e.*, the effect of lack of notice to a non "interested person," was not before us in *Spry*.

**1**

First, appellant argues that the orders approving the accounts were not final because she did not receive notice. ET section 7-501 provides:

> (a) *Filing an account.* – Unless waived by the court for
> good cause shown, the personal representative shall give written

5

notice to all interested persons of the filing of an account with the court.

(b) *Exceptions to account.–* Exceptions to an account must be filed with the register within 20 days of the approval of the account by the court. Exceptions may not be filed concerning an item which has become final and binding under §7-502 of this subtitle. Copies of exceptions shall be mailed by the exceptant to the personal representative.

(Emphasis in original.)

ET section 7-502 provides:

(a) *Notice.* – The personal representative shall give written notice to each creditor who has filed a claim under §8-104 of this article which is still open and to all interested persons of a claim, petition, or other request which could result, directly or indirectly, in the payment of a debt, commission, fee, or other compensation to or for the benefit of the personal representative or the attorney for the estate. The notice shall state the amount requested, and set forth in reasonable detail the basis for the request. It shall also state that a request for hearing may be made within 20 days after the notice is sent.

(b) *Finality of order*. – Unless there was fraud, material mistake, or substantial irregularity in the proceeding, or a request for a hearing is filed within 20 days of the sending of the notice, any action taken by the court on the petition is final and binding on all persons to whom the notice was given.

(Emphasis in original.).

Appellant urges us to hold that an order approving an account is final only if all who have standing to object are given notice. We decline to do so. The concepts of notice and standing are different. The former is based on statutory interpretation, and the latter is based on common law. All persons with standing to challenge an action are not necessarily entitled

6

to notice of the contemplated action. We conclude that, when read in context, section 7-502(b) refers to persons to whom notice was required to be given. By negative implication, persons entitled to notice as "interested persons" are not bound if notice is not given. This has no bearing on persons to whom notice was not required. Md. Rule 6-417(g) is consistent with that conclusion. It states that, in the absence of the filing of timely exceptions, "the order of the court approving the account becomes final."

The legislature clearly defined persons to whom notice is required, i.e., "interested persons." ET section 1-101(i). While the term does not include a beneficiary of a trust, it does include a trustee. Section 1-101(i) provides:

> *Interested person.* – "Interested person" is:
>
> (1) A person named as executor in a will;
>
> (2) A person serving as personal representative after judicial or administrative probate;
>
> (3) A legatee in being, not fully paid, whether his interest is vested or contingent;
>
> (4) An heir even if the decedent dies testate, except that an heir of a testate decedent ceases to be an "interested person" when the register has given notice pursuant to § 2-210 or § 5-403(a) of this article.
>
> Interested person includes a person as above defined who is (a) a minor or other person under a disability, or (b) the judicially appointed guardian, committee, conservator or trustee for such person, if any, and if none, then the parent or other person having assumed responsibility for such person.

An heir or legatee whose interest is contingent solely on whether some other heir or legatee survives the decedent by a stated period is an interested person but only after the other heir or legatee has died within that period.

(Emphasis in original.)

Section 1-101(m) provides:

*Legatee.* – "Legatee" means a person who under the terms of a will would receive a legacy. It includes a trustee but not a beneficiary of an interest under the trust.

(Emphasis in original.) Our conclusion is consistent with the clear legislative determination that estates be administered and closed as promptly as possible. If persons not entitled to notice are entitled to challenge orphans' court actions after they have become final, the administration of estates would be seriously adversely affected. Any complaint that appellant has relating to funding and administration of the trust should be directed to the trustee.

**2**

Appellant argues that the orders in question should be vacated because lack of notice constitutes an "irregularity" and violates her procedural due process rights. Appellee responds that there was no irregularity; due process was not argued before the orphans' court and is thus waived; and to the extent due process is applicable, appellant received the process which was due.

Appellant counters that she did raise irregularity and due process at the hearing in orphans' court but due to a malfunction of the recording equipment, there is no transcript. Appellant continues:

8

In any case, the violation of Ms. Vito's due process rights is not a separate argument from her argument that there was an irregularity in the proceedings. "An irregularity is a failure to follow required process or procedure." *Radcliff v. Vance*, [], 360 Md. [277,] 292 [2000]. Certainly, a process or procedure that satisfies due process is required in all proceedings before the Orphans' Court. A failure to provide a process that satisfies due process requirements is an irregularity in the proceedings.

We shall address appellant's arguments. In *Radcliff*, an "interested person" within the statutory definition did not receive notice of a petition by the personal representative for an order approving the payment of estate funds to a creditor. After learning of the order after it had been entered, the interested person challenged the payment, and the court ordered repayment of the funds to the estate. The Court of Appeals held that the court had the power to correct its mistakes. The Court explained:

> Furthermore, because [the interested person] did not receive notice, there was "substantial irregularity in the proceeding." An irregularity is a failure to follow required process or procedure. *See Early v. Early*, 338 Md. 639, 652, 659 A.2d 1334, 1340 (1995). It is settled that a failure to provide a required notice to a party is an irregularity in a proceeding in a circuit court under Rule 2-535. *See, e.g., Mutual Benefit Soc'y of Baltimore, Inc. v. Haywood*, 257 Md. 538, 541, 263 A.2d 868, 870 (1970); *Dypski v. Bethlehem Steel Corp.*, 74 Md.App. 692, 699, 539 A.2d 1165, 1169 (1988); *Alban Tractor Co. v. Williford*, 61 Md.App. 71, 79, 484 A.2d 1039, 1043 (1984). By direct analogy, such a failure is an irregularity in an orphans' court as well. We hold that the irregularity was "substantial" in that the personal representative's failure to give notice prevented [the interested person] from opposing the motion to pay Radcliff's fees before the order to pay was entered.

*Radcliff v. Vance*, 360 Md. at 292-93.

9

*Radcliff* stands for the proposition that if a person does not receive notice required by law, there is an irregularity sufficient to vacate the order in question. As we have discussed, appellant was not entitled to notice, and thus there was no irregularity to correct.

Appellant relies on *Knapp v. Smethurst*, 139 Md. App. 676 (2001), for her due process argument. *Knapp* was a foreclosure action. This Court concluded that a person whose ownership interest in real property was affected by the foreclosure sale was entitled to notice even though notice to that person was not required by applicable statutes and rules. We observed that due process notice requirements have long been applied to mortgage foreclosures and tax sales. After engaging in an extensive analysis of what constitutes a property interest that is constitutionally protected, we concluded that because the lien on their property was affected by the foreclosure, the persons challenging the foreclosure were entitled to notice. *Id*. at 704-716.

In *Knapp*, we recognized that procedural due process is a flexible concept and requires only that notice which is due under the circumstances. *Id*. at 704. Appellant cites no authority for the proposition that she has a constitutionally protected property interest at stake or that the orphans' court order constituted State action. Assuming that due process is required, it was satisfied by compliance with the statutory scheme. The trustee received notice, and the trustee was responsible for obtaining funding of the trust and for administration of the trust. Appellant was not entitled to receive the trust assets from the estate; she was entitled to distributions from the trust in accordance with the terms of the

10

trust.

Appellee argues that the record reflects that appellant had actual notice of the orphans' court order no later than June 2, 2011. Appellee points out that appellant did not file a petition to vacate the orders until August 22, 2012. Appellee does not argue what conclusion we are supposed to draw from those facts. We shall not further address this point.

**JUDGMENT OF THE ORPHANS' COURT FOR BALTIMORE COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**